UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MARCUM,

    Plaintiff,

v.

    Case No. 19-13227

    Hon. George Caram Steeh

GREAT LAKES COCA COLA
BOTTLING,

    Defendant.
_____/

ORDER GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

Appearing pro se, Plaintiff John Marcum filed a complaint and application to proceed without prepayment of fees on November 1, 2019. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

- 1 -

28 U.S.C. § 1915(e)(2)(B).  Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 570.  See also *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Plaintiff alleges that he was terminated from his employment with Defendant after he was wrongly accused of making a racist slur.  According to the complaint, Defendant "is targeting employees to terminate who have been working for the company for years."  ECF No. 1.  He styles his suit as a civil rights action brought pursuant to 42 U.S.C. § 1981.  Section 1981 provides a cause of action for alleged discrimination on the basis of race, ancestry, or ethnic characteristics.  *See St. Francis College v. Al–Khazraji*, 481 U.S. 604, 613 (1987).  Section 1981 "prohibits intentional race

discrimination in the making and enforcing of contracts involving both public and private actors." *Amini v. Oberlin Coll.*, 440 F.3d 350, 358 (6th Cir. 2006). "In order to establish a claim for racial discrimination under section 1981, a plaintiff must plead and prove that (1) he belongs to an identifiable class of persons who are subject to discrimination based on their race; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in section 1981(a)." *Id.*

Plaintiff does not allege that Defendant intentionally discriminated against him on the basis of race or ethnicity when it terminated his employment. A liberal reading of his complaint, consistent with his status as a pro se litigant, does not reveal a cause of action under § 1981. *See Ridley v. VMT Long Term Care Mgmt., Inc.*, 68 F. Supp.3d 88, 91 (D.D.C. 2014) (dismissing § 1981 claim because plaintiff did not allege a "racially discriminatory purpose" for her termination).

Plaintiff also asserts a violation of his equal protection rights secured by the Fourteenth Amendment to the United States Constitution. However, such rights are generally only enforceable against governments, not private parties such as Defendant. *See Revis v. Meldrum*, 489 F.3d 273, 289 (6th

Cir. 2007) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). Plaintiff makes no allegation of state action here.

Although the complaints of pro se litigants are held to a more lenient standard than those drafted by counsel, pro se plaintiffs must still meet "basic pleading standards" and the court is not permitted to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citations omitted). Viewing the allegations in the complaint in the light most favorable to Plaintiff, he has failed to state a claim upon which relief may be granted.

Therefore, IT IS HEREBY ORDERED that Plaintiff's application to proceed without prepayment of fees and costs (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED.

Dated: November 7, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 7, 2019, by electronic and/or ordinary mail and also on John Marcum, 20840 Catalana St., Clinton Township, MI 48035.

s/Barbara Radke
Deputy Clerk